UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRADY ZODIAC BROWN,

        Petitioner,         Case No. 08-14554
                                        Honorable David M. Lawson

v.

BARRY D. DAVIS,

        Respondent.
_____/

## OPINION AND ORDER GRANTING MOTION TO AMEND PETITION AND DENYING PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, Grady Zodiac Brown, presently confined at the Newberry Correctional Facility in Newberry, Michigan, filed a petition for a writ of habeas corpus *pro se* under 28 U.S.C. § 2254 challenging his 1992 conviction for possession of less than twenty-five grams of cocaine.

The petition lists three grounds for relief directed to the conduct of his trial and the action of the Michigan Parole Board, which allegedly extended the petitioner's term of custody. Before the respondent answered the petition, the petitioner filed a motion for leave to amend the petition to add a fourth ground for relief. The respondent has filed an answer addressing all four grounds. The Court concludes that the petitioner could amend his petition by right under Federal Rule of Civil Procedure 15(a), and the motion to amend, although unnecessary, will be granted. The Court finds that the claims in the original petition were filed out of time, and the added claim, dealing with a resentencing issue, is timely but must be denied because an adequate and independent state procedural rule with which the petitioner failed to comply bars federal review of that claim. The petition, therefore, will be denied.

I.

The petitioner was convicted following a bench trial in the Detroit's Recorder's Court (now part of the Wayne County Circuit Court) on August 19, 1992 and sentenced the following month as an habitual offender to a prison term of three to fifteen years. His conviction was affirmed on appeal by the Michigan Court of Appeals, although the case was remanded to the trial court for the limited purpose of correcting the presentence report. *People v. Brown,* No. 159716 (Mich. Ct. App. Jan. 23, 1996). The petitioner did not appeal this decision to the Michigan Supreme Court.

On August 12, 2004, the petitioner was released from prison on parole supervision. But on June 5, 2005, the petitioner violated the terms of his parole by associating with persons in possession of firearms, so he was returned to custody. On October 19, 2005, the Michigan Parole Board upheld the decision to revoke Brown's parole and ordered him to serve an additional sixty months in the custody of the Department of Corrections. There is no indication that the petitioner has ever challenged the Michigan Parole Board's ruling in the Michigan courts.

On March 21, 2007, the petitioner filed a post-conviction motion for relief from judgment in the trial court, which was denied on June 4, 2007. The petitioner then filed an application for leave to appeal in the Michigan Court of Appeals, which was denied. *People v. Brown*, No. 278843 (Mich. Ct. App. Sept. 28, 2007). The petitioner then filed an application for leave to appeal in the Michigan Supreme Court, which was denied as well. *People v. Brown*, 480 Mich. 1013, 743 N.W.2d 46 (Jan. 8, 2008) (Table).

In June 2008, the petitioner filed a complaint for habeas corpus in the Michigan Court of Appeals. The Michigan Court of Appeals returned the petitioner's pleadings for failure to pay filing

fees. *People v. Brown*, No. 285762 (Mich. Ct. App. June 19, 2008). The petitioner then filed an application for leave to appeal in the Michigan Supreme Court. On July 24, 2008, the Michigan Supreme Court returned the petitioner's pleadings because he owed filing fees. On August 26, 2008, the Michigan Supreme Court issued an order closing the petitioner's file for failure to pay the required partial filing fee. *People v. Brown*, No. 136933 (Mich. Sup. Ct. Aug. 28, 2008).

The petitioner signed and dated the present petition for habeas corpus on October 15, 2008, which will be deemed the filing date under the so-called prison mailbox rule. Under the prison mailbox rule, a pleading "is deemed filed when the inmate gives the document to prison officials to be mailed." *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)). Courts in the Sixth Circuit apply the rule in civil matters when a *pro se* plaintiff is incarcerated at the time of filing. *Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002) (holding that a complaint placed in the prison mail system before the expiration of a statute of limitations tolled the applicable limitations period). In his original petition for habeas relief, the petitioner alleges three grounds for relief:

I.  The trial court was without authority to sentence the plaintiff as a habitual offender because the prosecutor failed to file the required supplemental information pursuant to Mich. Comp. Laws § 769.13(1), but instead filed a notice under the wrong statute, Mich. Comp. Laws § 750.12 (taking woman with intent to compel her to marry).

II. The petitioner was deprived of his liberty without due process of law, and of his right to the effective assistance of both court-appointed trial and appellate counsel.

III. The petitioner was deprived of his procedural due process rights when he was penalized for technical rule violation that extended his parole consideration date by sixty months, from 06/06/05 to 06/05/10.

On February 12, 2009, before the respondent filed an answer, the petitioner filed a motion for leave to amend his petition to add one more claim:

IV.     The petitioner was denied the effective assistance of counsel during the critical stage of the sentencing proceeding at which the petitioner has a Sixth Amendment right to be represented by counsel during the amendment of the petitioner's sentence.

The respondent contends in his answer to the petition that the petition was not timely under 28 U.S.C. § 2244(d)(1) and the petitioner's claims are procedurally defaulted or lack merit. Because the Court agrees that Mr. Brown's petition is untimely and his claims are unexhausted, it will deny his petition. Although the petitioner does not need the Court's leave in order to amend his petition, the claim added in the amended petition must also fail under the rules of procedural default.

II.

It is well established that the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, governs the filing date for the habeas application in this case because the petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a new, one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. *See Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003). The one-year statute of limitations runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such a review. *See* 28 U.S.C. § 2244(d)(1)(A). A habeas petition filed outside the time period prescribed by this section must be dismissed. *Isham v. Randle*, 226 F.3d 691, 694 (6th Cir. 2000), *abrogated on other grounds by Abela v. Martin*, 348 F.3d 164, 172 (6th Cir. 2003) (en banc) (case filed thirteen days after the limitations period expired dismissed for failure to comply).

A Michigan prisoner's conviction becomes "final" fifty-six days after the Michigan Court of Appeals renders its decision if the prisoner does not appeal to the Michigan Supreme Court.

*Redmond v. Jackson*, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003) (holding that a conviction becomes final when the 56-day time period for filing a delayed application for leave to appeal in the Michigan Supreme Court expires). In the present case, the Michigan Court of Appeals affirmed the petitioner's conviction on January 23, 1996. Because the petitioner did not file an application for leave to appeal in the Michigan Supreme Court, his conviction became final on March 19, 1996, when the time for seeking leave to appeal with the Michigan Supreme Court expired. That date is of little consequence to the issue now before the Court because under any possible construction of the facts, the petitioner's conviction became final prior to the AEDPA's effective date. Therefore, the one-year limitations period commenced on April 24, 1996, when the AEDPA became effective. *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002). Absent state collateral review or some other reason that the statute of limitations was tolled, the petitioner was required to file his application for habeas corpus relief by April 24, 1997 to comply with the one-year limitations period, at least with respect to the first two claims in the petition, which are directed to the validity of the conviction itself.

Title 28, § 2244(d)(2) provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." The petitioner did file a motion for post-conviction relief in the state trial court, but not until March 21, 2007, after the one-year limitations period already had expired. "[A] state petition for postconviction review . . . tolls, *but does not restart*, AEDPA's one-year statute of limitations." *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (emphasis added); *see also Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001); *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

The petitioner's third claim is based on the action of the parole board, which post-dated the final date of his conviction. However, the Court concludes that the petition is also untimely with respect to that claim. "In the context of a challenge to a parole denial, the one-year period of § 2244(d)(1) appears to start when, under § 2244(d)(1)(D), [the petitioner] could have discovered the 'factual predicate of the claim . . . through the exercise of due diligence.'" *Ali v. Tennessee Bd. of Pardon & Paroles*, 431 F.3d 896, 898 (6th Cir. 2005) (quoting 28 U.S.C. § 2244(d)(1)(D)). The Michigan Parole Board upheld the revocation of the petitioner's parole on October 19, 2005. The petitioner never initiated any post-revocation proceedings in any court before he filed the petition in this case on October 15, 2008, nearly three years later. Therefore, the petitioner's challenge to the Michigan Parole Board's decision to revoke his parole is also barred by the one-year statute of limitations.

"Because AEDPA's one-year statute of limitations is not jurisdictional, a petitioner who misses the deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate." *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). In order to be entitled to equitable tolling, a habeas petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

The Sixth Circuit considers five factors to determine whether it would be appropriate to equitably toll the statute of limitations in a habeas case:

> (1) the petitioner's lack of notice of the filing requirement;
> (2) the petitioner's lack of constructive knowledge of the filing requirement;
> (3) diligence in pursuing one's rights;
> (4) absence of prejudice to the respondent; and,

>   (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001).

The doctrine of equitable tolling should be used "sparingly," *id.* at 1008-09, and "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition," a petitioner is not entitled to equitable tolling of the limitations period, *id.* at 1010.  A habeas petitioner bears the burden of establishing that he is entitled to equitable tolling of the one-year limitations period. *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003).  The one-year statute of limitations may also be equitably tolled by a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo*, 513 U.S. 298 (1995). *See Souter v. Jones*, 395 F.3d 577, 599-600 (6th Cir. 2005).  To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 590 (quoting *Schlup*, 513 U.S. at 327). For an actual innocence exception to be credible, such a claim requires a habeas petitioner to support his allegations of constitutional error "with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324; *Souter*, 395 F.3d at 590.  The Sixth Circuit has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Souter*, 395 F.3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).  The Sixth Circuit has emphasized the Supreme Court's admonition that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Ibid.* (quoting *Schlup*, 513 U.S. at 321).

The petitioner has presented no new reliable evidence to establish that he was actually innocent of the crimes charged.  Nor has he advanced any argument that equitable tolling otherwise

should apply in this case. Having not met his burden under *Griffin* and *Souter*, he cannot avoid dismissal on timeliness grounds.

The petitioner's fourth claim, presented in his motion to amend the petition, did not arise until May 31, 2007, the date the trial court amended the judgment of sentence to correct a clerical error. That claim arguably is time-barred as well, since the petitioner did not file his habeas petition within one year of that issue becoming final in the state court. But that claim suffers from other defects as well and cannot support the petitioner's request for relief.

III.

The fourth claim was made in the petitioner's motion to amend the petition, which was filed on February 12, 2009, before the respondent filed an answer. No motion to amend was necessary at that point in the proceedings. "Amendment of a petition for habeas corpus is governed by 'the rules of procedure applicable to civil actions.'" *Hodges v. Rose*, 570 F.2d 643, 649 (6th Cir. 1978) (quoting 28 U.S.C. § 2242). Federal Rule of Civil Procedure 15(a) permits a party to "amend its pleading once as a matter of course . . . before being served with a responsive pleading." Fed. R. Civ. P. 15(a)(1)(A). The amendment in this case will be allowed.

In his fourth claim, the petitioner alleges that he was denied the right to counsel at a critical stage of the sentencing proceeding when on May 31, 2007, the state trial court amended the judgment of sentence to reflect the correct statutory citation for a fourth felony habitual offender enhancement. The petitioner concedes that he never has presented his new claim to the state courts. The provisions of AEDPA require habeas petitioners to exhaust their state court remedies before filing a petition under section 2254, but the exhaustion requirements of 28 U.S.C. § 2254(b)(1)(A) and (c) do not bar review of the claims here because the petitioner no longer has state remedies

available to him. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (holding that failure to exhaust bars review only when the state still provides a remedy to exhaust). The petitioner no longer has an effective state remedy to exhaust his new claim because the Michigan Court Rules prohibit filing second or successive motions for relief from judgment, *see* Mich. Ct. R. 6.502(G)(1), and by his own admission, the petitioner cannot satisfy either of the two exceptions to this rule: a retroactive change in the law or newly discovered evidence. Mich. Ct. R. 6.502(G)(2); *see Mohn v. Bock,* 208 F. Supp. 2d 796, 800-01 (E.D. Mich. 2002).

"The disappearance of state procedural remedies which evaporate with time will not completely excuse a prisoner's failure to avail himself of them, however. The Court may review a prisoner's procedurally defaulted claims on the merits only if he shows cause for not raising his claims at all levels of state court review and prejudice, or that he is actually innocent of the crimes for which he was convicted." *Mohn*, 208 F. Supp. 2d at 801 (citing *Gray v. Netherland*, 518 U.S. 152, 162 (1996), and *Hannah v. Conley*, 49 F.3d 1193, 1195-96, 1196 n.3 (6th Cir. 1995)); *see also Coleman v. Thompson*, 501 U.S. 722, 750-51 (2001); *Murray v. Carrier*, 477 U.S. 478, 496 (1986). The petitioner in this case has shown neither cause nor prejudice.

A showing of cause by a habeas petitioner requires more than "the mere proffer of an excuse." *See Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006). A habeas petitioner cannot rely on conclusory assertions of cause and prejudice to overcome procedural default. Instead, he must present affirmative evidence or argument as to the precise cause and the prejudice produced. *Id.* at 764. The petitioner has offered no explanation for his failure to present his claim to the state court. He could have done so easily by amending his post-conviction motion in state court to

include his fourth issue. That motion was pending at the time his judgment of sentence was amended on May 31, 2007.

The petitioner is unable to establish that he would be prejudiced by this Court's failure to address this claim. Where a sentencing act is ministerial in nature, the absence of counsel at such a proceeding could not possibly be prejudicial to the defendant and absence of counsel does not violate the Sixth Amendment right to counsel. *Hall v. Moore*, 253 F. 3d 624, 627 (11th Cir. 2001) (citing *Golden v. Newsome*, 755 F.2d 1478, 1483 n.9 (11th Cir. 1985)). In the present case, the judge merely amended the judgment of sentence to reflect that the correct statutory citation for the fourth felony habitual offender statute that the petitioner was convicted under was Michigan Compiled Laws § 769.12. The amendment of the judgment of sentence without the presence of counsel did not violate the petitioner's Sixth Amendment rights.

Because the petitioner did not follow state procedures in presenting his claim and failed to show cause for that failure, the Court must conclude that the state procedural bar is an adequate and independent state court basis for denying relief, which cannot be reviewed by this Court.

IV.

The Court concludes that the petitioner's application for a writ of habeas corpus is untimely, and that he is not entitled to statutory or equitable tolling of the limitations period. The petitioner is entitled to amend his petition, but the Court finds no excuse for the petitioner's procedural default of his fourth claim.

Accordingly, it is **ORDERED** that the motion to amend the habeas petition [dkt # 4] is **GRANTED.**

It is further **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

                                              s/David M. Lawson  
                                              DAVID M. LAWSON  
                                              United States District Judge

Dated: July 23, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 23, 2009.

                              s/Lisa M. Ware  
                              LISA M. WARE