UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRADY ZODIAC BROWN,

        Petitioner,               Case No. 08-14554
                                                Honorable David M. Lawson

v.

BARRY D. DAVIS,

        Respondent.
_____/

## **OPINION DENYING CERTIFICATE OF APPEALABILITY**

The petitioner, Grady Zodiac Brown, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated by the Michigan Department of Corrections in violation of the Constitution of the United States. The Court denied Mr. Brown's petition on July 23, 2009, and denied the motion for reconsideration on August 6, 2009. The matter is now before the Court on the petitioner-appellant's motion for a certificate of appealability.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

The petitioner filed his petition for a writ of habeas corpus arguing that the trial court was without authority to sentence him as a habitual offender, that the petitioner's right to effective assistance of counsel during trial, on appeal, and during resentencing was violated, and that the petitioner was deprived of his procedural due process rights when his parole eligibility date was extended for a "technical" rule violation. The Court rejected the petitioner's claims because they were untimely and procedurally defaulted. The Court now finds that reasonable jurists could not debate that this Court correctly dismissed each of the petitioner's claims. Therefore, the Court will deny the petitioner a certificate of appealability.

Accordingly, it is **ORDERED** that the request for a certificate of appealability is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: September 4, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 4, 2009.

s/Lisa M. Ware  
LISA M. WARE